**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM COHEN,** | : | **No. 3:07cv251** |
| **Individually and on behalf** | : | |
| **of all others similarly situated,** | : | **(Judge Munley)** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **STATE FARM INSURANCE** | : | |
| **COMPANY,** | : | |
| **Defendant** | : | |

## MEMORANDUM

_____Before the court for disposition is the plaintiff's motion for class certification.  The motion has been fully briefed and argued.  For the reasons that follow, the motion will be denied.

**Background**

Plaintiff, William Cohen is a citizen of the Commonwealth of Pennsylvania.  (Compl. ¶ 6).  He was injured in a motor vehicle accident that occurred in Newburgh, New York.  (Id. at ¶ 4).  At the time of the accident, he was covered by an insurance policy issued by the Defendant State Farm Insurance Company.  (hereinafter "defendant" or "State Farm").  The insurance contract was entered into within the Commonwealth of Pennsylvania.  (Id.).

Following the accident, the plaintiff made a claim under the policy for first-party "Personal Injury Protection" ("PIP") medical benefits.  Plaintiff claims that the defendant mishandled his claim by refusing to provide coverage in accordance with the policy and Pennsylvania law.  (Id. at 5).

Accordingly, he instituted the instant action in the Court of Common Pleas of Lackawanna County, Pennsylvania on January 9, 2007.  (Doc. 1, Ex. A).  Defendant removed the action to this court on February 8, 2007.

1

Plaintiff's complaint asserts causes of action for the following:  breach of contract; breach of good faith and fair dealing; breach of duty to its insured; misrepresentation; violation of the Unfair Insurance Practices Act; and bad faith.  Additionally, and most important for the instant motion, plaintiff seeks to bring this action as a class action lawsuit.   Plaintiff filed a motion to certify the class on July 10, 2007 bringing the action to its present posture.[1]

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332.  The plaintiff is a citizen of the state of Pennsylvania.  (Compl. ¶ 6) The defendant is an Illinois  corporation with a principal place of business in Illinois.  Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Discussion**

Plaintiff seeks to proceed on his own behalf and on behalf of the following class:  "[A]ll persons insured under motor vehicle insurance policies issued by Defendant within the Commonwealth of Pennsylvania

---

[1]We note that the motion to certify the class is untimely.   Under Local Rule 23.3, a plaintiff seeking to proceed with a class action must file a motion to certify the class within ninety (90) days of filing the complaint. L.R. 23.3.   Evidently, the parties agreed between themselves to extend this time limit to July 2007, approximately 180 days from the filing of the complaint.  (Doc. 11, Joint Case Management Plan ¶ 5.0).  The deadline for filing the of a motion to certify a class may only be extended, however, upon motion and for good cause shown.  L.R. 23.3.  Additionally, the parties were directed NOT to enter into agreements for extensions of time without court approval.  (Doc. 5, Opening Letter From Court).   We shall, nonetheless, address the merits of the motion.

who filed claims for PIP benefits following out-of-state accidents and were refused coverage in violation of both the subject policy of insurance and Pennsylvania law."  (Compl. ¶ 10).

.      Class actions are covered by Rule 23 of the Federal Rules of Civil Procedure, which provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if
> (1) the class is so numerous that joinder of all members is impracticable,
> (2) there are questions of law or fact common to the class,
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
> (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a).

The plaintiff must establish these four prerequisites.  Johnston v. HBO Film Mgmt., Inc., 265 F.3d 178, 183 (3d Cir. 2001).  A class may be certified only if the court is "satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied."   Beck v. Maximus, Inc., 457 F.3d 291,297 (3d Cir. 2006) (quoting Gen. Tel. Co. Sw. v. Falcon, 457 U.S. 147, 161 (1982)).  In addition to establishing the prerequisites under 23(a), a plaintiff who seeks to proceed as a class representative must also establish that the case is maintainable as a class action under one of the three subsections to Rule 23(b).   Plaintiff proceeds under 23(b)(3).  Which requires that "the court finds that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of

the controversy. . . . " FED. R. CIV. P. 23(b)(3).

Defendant argues that plaintiff has not established any of these factors.   We will address them *in seriatim*.

## I. Numerosity

The first prerequisite for certifying a class is that the "class is so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).

In order to establish numerosity, plaintiff asserts that State Farm has indicated that there were 11,303 claims between January 1, 2003 and December 31, 2006 alone in which Pennsylvania insureds were involved in "out of state" accidents in which there were injuries to the insureds.  As argued by the defendant, however, this assertion on plaintiff's part does not establish numerosity.   The class is not the number of insureds invovled in "out of state accidents" in which there were injuries to the insureds.  Rather, plaintiff's proposed class is "all persons insured under motor vehicle insurance policies issued by Defendant within the Commonwealth of Pennsylvania who filed claims for PIP benefits following out-of-state accidents and were refused coverage in violation of both the subject policy of insurance and Pennsylvania law."  (Compl. ¶ 10)  Plaintiff has presented no evidence as to how many of the 11,303 had their claims refused in violation of both the subject policy of insurance and Pennsylvania law.  It could be that all11,303 people are in the same position as plaintiff or it could be that none of them are.  The record is simply not sufficient for us to conclude that the class is so numerous that joinder of all members is impracticable.

Moreover, as pointed out by the defendant, the plaintiff has not

4

established by any evidence that defendant had the policy of denying claims merely because they occurred out of state or that plaintiff's claim was denied for such a reason.  Defendant, on the other hand, has presented evidence that that was not the reason for the denial of defendant's claim.   According to the defendant's evidence, "[a]t no time did State Farm deny [plaintiff's] claim or represent that there was no coverage for the claim due to the fact that the accident had occurred out of state. Rather, the denial was based on New York's priority of first-party benefits and later, [plaintiff's] repeated failure to return the application for benefits."  (Doc. 20-3, Jablonski Decl. ¶ 13).  Moreover, "State Farm Mutual Automobile Insurance Company does not have a policy of denying first-party benefits on the basis that a loss occurs outside Pennsylvania."  (Id. at ¶ 18).   Plaintiff, despite bearing the burden of establishing the prerequisites for class certification, has presented no contrary evidence.[2]

---

[2]At oral argument on this motion, the plaintiff complained that the defendant has stonewalled on discovery and the delay caused the lack of evidence.  We are unconvinced.  It was revealed at the argument that plaintiff filed his first discovery requests in July 2007, seven months after filing the case and in the same week as the instant motion to certify the class was filed.  Plaintiff never sought an extension of time to file the motion for discovery to be completed.  Moreover, some of the evidence is presumably already in the plaintiff's possession.  For instance, to counter the defendant's assertion that it did not deny the claim based upon a policy of denying all claims that occurred out-of-state, the plaintiff could have provided an affidavit or a copy of a letter explaining that that was the reason for the denial.  Plaintiff did not provide this evidence.  Moreover, plaintiff did not address the alleged lack of discovery in his brief in support of the motion to certify.  He did not file a brief in reply to the defendant's opposition brief.  Nor did he request to stay the class certification motion pending additional discovery.

Thus, we find that plaintiff has not established numerosity, and has not presented any evidence that defendant utilized the practice of which he complains.[3]

## II. Common questions of law or fact

The second prerequisite that the plaintiff must establish is existence of questions of law or fact common to the class.  Fed. R. Civ. P. 23(a)(2). This prerequisite is referred to as "commonality."  The Third Circuit Court of Appeals has explained commonality as follows: "[C]ommonality does not require an identity of claims or facts among class members. The commonality requirement will be satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class."  Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154, 183 (3d Cir. 2001) (internal citations and quotation marks omitted).

Plaintiff argues that commonality is met in the instant case, factually, because defendants' action is the same toward plaintiff as it is toward the other class members.  That is, he was denied benefits because he was involved in an out-of-state accident.  The legal issues, according to the

_____

We will not at this late date allow for more discovery on the class issues in this case which is nearly a year old already.  As set forth more fully below, the other prerequisites do not require discovery, and they all weigh in favor of denying the motion.  Accordingly, discovery would futile as to this motion.

[3]From the plaintiff's brief it is apparent that he seeks a more narrow class from the one defined in his complaint.  He seeks a class of those Pennsylvania insureds whose insurance claims were denied because the accident occurred outside of Pennsylvania.  Even with this more narrow definition of the class, however, the same problems with numerosity exist as described above.  No evidence has been presented that any claims were denied on this basis.

plaintiff, are also the same.   That is, whether it was unlawful for defendant to deny the claims because the accidents occurred in a different state.  We find that plaintiff's analysis, while appearing at first glance to be compelling, is in fact unconvincing.

As discussed more fully below, the factual scenarios for each plaintiff are potentially very different.  Moreover, plaintiff has presented no evidence that defendant had the policy to summarily deny all claims on out-of-state accidents.   Defendant has presented evidence that it did not have such a policy, and in fact, provided benefits *to this very plaintiff*, for an accident occurring out of state in 2003.  (Jablonski Decl. at ¶ 17).  Accordingly, we find that the plaintiff has not established commonality.

### III.  Are plaintiff's claims typical of the class?

The third prerequisite is typicality, that is, whether the claims or defenses of the representative parties are typical of the claims or defenses of the class.  Fed. R. Civ. P. 23(a)(3).

> To evaluate typicality, we ask whether the named plaintiffs' claims are typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class. Factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.  The adequacy inquiry serves to uncover conflicts of interest between named parties and the class they seek to represent.  It assures that the named plaintiffs' claims are not antagonistic to the class and that the attorneys for the class representatives are experienced and qualified to prosecute the claims on behalf of the entire class.
> The Supreme Court has noted the typicality and adequacy inquiries often tend to merge because both look to potential conflicts and to whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately

> protected in their absence.  Because of the
> similarity of these two inquiries, certain
> questions-like whether a unique defense should
> defeat class certification-are relevant under both.

Beck v. Maximus, Inc., 457 F.3d 291, 295-96 (3d Cir. 1996) (internal

quotation marks and citations omitted).

Plaintiff asserts that his claims are not only typical to those of the

putative class members, but are, in fact, nearly exactly the same.   We

disagree.

As pointed out by the defendant, many issues are involved with each

potential class member that render the plaintiff atypical.  For example, the

following questions would have to be answered for each potential class

member:

A)  Was the claim covered under the insured's specific policy?

B) Was the insured the driver, a passenger, or a pedestrian, and how

will that affect the priority of benefits?

C) Are any policy or statutory exclusions applicable under the facts of

the loss?

D) What were the circumstances surrounding the accident, including

the cause of the accident?

E) Was another insurance carrier's coverage applicable?

F) Was the injury cased by an accident arising out of the use or

maintenance of a motor vehicle?

G) Were the medical treatments received by the insured both

reasonable and necessary?

H) Are other state's laws implicated in adjusting the claim?

I) Were medical benefits tendered to the insured?

J) What is the effect of the applicable state's laws on priority of

insurance and minimum medical benefits coverage?

K) Is the claim barred by the applicable statute of limitations?

All these issues are individual issues that must be determined for each member of the putative class.  They are not common issues that could be decided on behalf of the defendant as a representative of the class.  Because of the number of individual issues, we find that plaintiff is not typical of the class he seeks to represent.  See Ostrof v. State Farm Mutual Automobile Ins. Co., 200 F.R.D. 521, 526-27 (D.Md. 2001) (denying a motion to certify a class and explaining - in a case where the plaintiffs sought a class action on behalf of insureds who were insured through State Farm and were denied reimbursement for medical bills and lost income under the personal injury protection provisions of their policy-that even assuming a common scheme on the part of the insurance company, each individual claimant would nonetheless have to prove that in his or her case the claim was in fact wrongfully denied or reduced) .

Moreover, defendant intends to use a unique defense against the plaintiff.  The defense is mootness.  Defendant asserts that it has offered to pay all of plaintiff's claim, therefore, the claim is moot.  Such a unique defense is relevant to the issue of typicality.  Beck v. Maximus, Inc., 457 F.3d 291, 296-97 (3d Cir. 1996).  It is also relevant to the adequacy analysis and will be discussed more fully in the next section.

In addition to a unique defense, defendant's case also involves unique facts including the following:

1) He was a pedestrian when injured;

2) His accident occurred in New York;

3) The vehicle that struck plaintiff was insured under an Ohio policy;

9

4) Defendant claims to have tendered to plaintiff the full amount of his medical benefits.

5) Plaintiff refused to accept the full amount of his medical benefits claim;

6) Plaintiff's policy exceed the minimum coverage levels in both Pennsylvania and New York;

7) The priority of benefits for pedestrians in New York differs from the priority of benefits for pedestrians under Pennsylvania law.[4]

These unique facts and the unique defense of plaintiff's case render him atypical for purposes of class certification. Based upon all of these differences, we find that  the plaintiff has not established the typicality prerequisite.[5]

## IV.   Will plaintiff adequately protect the interests of the class?

The fourth prerequisite that the plaintiff must establish is that he will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(3).   A unique defense that is to be asserted against the potential class representative is relevant to the analysis of whether the plaintiff is an adequate class representative.  When a unique defense is used, "the representative's interests might not be aligned with those of the class, and the representative might devote time and effort to the defense at the expense of issues that are common and controlling for the class."  Beck, 457 F.3d 297.

_____

[4]These facts are set forth in the defendant's brief, and the plaintiff has not contested them.

[5]It is important to note that no amount of discovery would alter the fact that all these individual issues predominate over any common issues.

In the instant case, the defendant is going to raise the issue of mootness against the plaintiff.   As explained in <u>Beck</u>, the plaintiff may use time and effort at the expense of the common and controlling issues for the class.  Thus, we find that plaintiff has not established that he would adequately protect the interests of the class.

Antagonism is also found in the fact that plaintiff has abandoned a wage loss benefits claim.   This abandonment conflicts with proposed class members who would benefit from such a claim.

Based upon the above reasoning, the motion to certify the class will be denied.  None of the four prerequisites for a class action are met in this case.  If they had been met, plaintiff would still have to meet the standards of Rule 23(b), this he cannot do.

The relevant portion of Rule 23(b) requires that "the court finds that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. . . . " FED. R. CIV. P. 23(b)(3).

As set forth above, in the instant case, individual questions of law or fact predominate over any common issues and the class action is not superior to other available methods of adjudication.  For each individual class member, the court would have to decide a multitude of issues, which are present in any case in which an insured seeks insurance benefits including:

1) Did the defendant offer the medical benefits, or did the plaintiff sign a settlement or release or were policy limits exhausted?  If any of those are plaintiffs are not proper parties.

11

2) Was there fraud involved in obtaining the policy or in submission of the claim?  If so, the insured may not be entitled to benefits.

3) Did the insured fulfill all of his duties under the policy?

4) Is the injury causally connected to the motor vehicle accident?

5) Do any of the policy's exclusions apply?

6) Were the medical treatments reasonable and necessary?

7) What state's law applies to the determination of benefits?

Thus, individual issues predominate over the common issues (if any) and the requirements of Rule 23(b) are not met.

**Conclusion**

For all the reasons set forth above, the plaintiff's motion to certify the class will be denied.  An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM COHEN,                          :         No. 3:07cv251
Individually and on behalf              :
of all others similarly situated,       :         (Judge Munley)
                            Plaintiff   :
                                        :
            v.                          :
                                        :
STATE FARM INSURANCE                    :
COMPANY,                                :
                            Defendant   :
:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

_____**AND NOW**, to wit, this 13th  day of December 2007, the plaintiff's

motion to certify the class (Doc. 14) is hereby **DENIED**.

                              **BY THE COURT:**

                              s/ James M. Munley
                              **JUDGE JAMES M. MUNLEY**
                              **United States District Court**

13